**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:06-cv-2038-WDM-BNB

BEVERLY MILLIGAN OF TORONTO,
f/k/a  HAYLEA SYSTEMS, INC., d/b/a INTERACTIVE BROADCAST
DEVELOPMENT GROUP, INC., an Ontario corporation,

          Plaintiff,

v.

CHEETAH INTERNATIONAL, INC., a Colorado corporation, and its related
Company CHEETAH SYSTEMS, INC., and DONALD MILLER, an individual,

          Defendants.

---

**ORDER GRANTING JUDGMENT BY DEFAULT AGAINST CHEETAH INTERNATIONAL, INC., ITS RELATED COMPANY CHEETAH SYSTEMS, INC., AND DONALD MILLER, AN INDIVIDUAL**

---

This matter is before me on the Motion for Entry of Judgment by Default filed by Plaintiff Beverly Milligan of Toronto, f/k/a Haylea Systems, Inc., d/b/a Interactive Broadcast Development Group, Inc. ("IBDG") on May 30, 2007.  On October 12, 2006 IBDG filed a civil complaint against Defendants Cheetah International, Inc., its related company Cheetah Systems, Inc., and Donald Miller, an individual (collectively, "Cheetah"), to enforce an August 26, 2003 Settlement Agreement between the parties. The Defendants have been served with summons but have failed to appear or otherwise defend against the Complaint and the Clerk of this Court entered default against Cheetah on November 8, 2006.   Having reviewed the Motion, the exhibits and affidavits, the entire case file, the argument presented at the hearing held October 19,

2007, and the applicable law I am sufficiently advised in the premises and make the following findings and conclusions:

    1. In 2003, IBDG and Cheetah entered a Confidential Settlement Agreement and General Mutual Release ("Settlement Agreement") as resolution of a lawsuit between them. (Replacement Exhibit 1 to May 30, 2007 Motion for Entry of Judgment by Default, doc. # 21) Under the Settlement Agreement, the parties agreed to compromise the underlying lawsuit in the following manner: IBDG would transfer all right, title and interest in two pieces of software to Cheetah, and Cheetah would pay to IBDG $180,000.00, in 72 monthly installments. (Settlement Agreement at ¶ 8)

    2. Between the execution of the Settlement Agreement and approximately February 2005, Cheetah paid $40,000.00 towards this sum, leaving $140,000 remaining due.

    3. On August 16, 2006, IBDG sent Cheetah the required demand letter requesting payment. Cheetah did not respond to this letter and thereby became in default under the Settlement Agreement as of August 27, 2006.

    4. Default judgment may enter against the required party who fails to appear or otherwise defend. Fed.R.Civ.P. 55(b)(2); *see In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

    **5.** IBDG has filed an affidavit asserting that none of the defendants are infants, incompetents, or officers or agents of the United States.

6. By failing to file a pleading or otherwise defend, Cheetah has admitted IBDG's allegations as pleaded in the complaint.  *See, e.g., Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (upon default, defendant admits plaintiff's allegations).

7. IBDG's Complaint and affidavits supporting the Motion for Entry of Judgment by Default establish that $140,000.00 remains outstanding on Cheetah's obligation under the Settlement Agreement.

8. Paragraph 10 of the Settlement Agreement addresses remedies for default.  It states that, if Cheetah is in default, IBDG

> will be entitled to an entry of judgment against the Company [Cheetah] in the amount of US$180,000, less any payments made on this Agreement to the date of default, plus interest at the prime rate as reported in the Wall Street Journal plus 1% (prime + 1%), from the date of the last payment, costs and attorney's fees to recover the judgment.

(Settlement Agreement, ¶ 10(a))  IBDG's Affidavit establishes that Cheetah was in default of the Settlement Agreement as of August 27, 2006.  IBDG submitted a copy of the Wall Street Journal listing of interest rates for August 26-27, 2006, showing that prime interest rate as of that date was 8.25%.  Because the Settlement Agreement allows for interest to be charged at prime plus one percent from the date of default, pre-judgment interest in this matter is set at 9.25% per annum.  Pursuant to the terms of paragraph 10(a) of the Settlement Agreement, post-judgment interest will also accrue at this rate until payment in full.

9. IBDG is also entitled to attorneys fees and costs under paragraph 10(a) of the Settlement Agreement.  IBDG submitted an affidavit explaining the rates and hours

3

billed in this matter and an affidavit attesting to the reasonableness of the attorneys fees requested.  Such fees are reasonable and are shall be granted as requested.

Accordingly,

IT IS ORDERED:

1.  IBDG's Motion for Entry of Judgment by Default, filed May 30, 2007, (doc. no. 18) is GRANTED;

2.  Judgment shall enter in favor of Plaintiff and against Defendants Cheetah International, Inc., its related company Cheetah Systems, Inc., and Donald Miller, an individual, jointly and severally as follows:

> A.  $140,000.00 in compensatory damages;
>
> B.  $14,865.89 in pre- judgment interest on the principal amount of $140,000.00 at the rate of 9.25% per annum from August 27, 2006 until October 19, 2007, inclusive;
>
> C.  Interest continuing to accrue at a rate of 9.25% per annum (0.0253% per diem) on the principal amount of $140,000.00 from October 19, 2007, until paid in full;
>
> D.  $2,714.50 in attorneys' fees; and
>
> E.  $444.77 in taxable costs.

DATED at Denver, Colorado, on October 22, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge