IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02038-WDM-BNB

BEVERLY MILLIGAN OF TORONTO, an Ontario corporation d/b/a INTERACTIVE BROADCAST DEVELOPMENT GROUP, INC., f/k/a HAYLEA SYSTEMS, INC.,

Plaintiff,

v.

CHEETAH INTERNATIONAL, INC., a Colorado corporation, and its related company,
CHEETAH SYSTEMS, INC., and
DONALD MILLER, an individual,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
_____

This matter arises on the following:

(1)     The plaintiff's **Request for Issuance of Writ of Execution for Other Than Money** [Doc. # 62, filed 5/6/2013] (the "Motion for Writ"); and

(2)     The plaintiff's **Verified Motion for Temporary Restraining Order Per Rule 65, F.R.C.P.** [Doc. # 63, filed 5/6/2013] (the "Motion for TRO").

I held a hearing on the motions on June 25, 2013. At the hearing, I denied the Motion for Writ for reasons stated on the record, which are incorporated here.

I took the Motion for TRO under advisement. I now respectfully RECOMMEND that the Motion for TRO be GRANTED.

On October 25, 2013, the court entered default judgment in favor of the plaintiff, Beverly Milligan of Toronto, and against the defendants jointly and severally in the amount of

$158,025.16. Default Judgment [Doc. # 24]. Subsequently, through writs of garnishment, the plaintiff was able to execute on bank accounts of certain defendants and recover $2,275.53 to be applied against the judgment.

The judgment was assigned to Mediac Systems Ltd. ("Mediac") by an Assignment dated July 15, 2013. Assignment of Judgment [Doc. # 51-1]. Mediac requests a TRO restraining the defendants from "taking, destroying, hiding or publishing on line or otherwise" the defendants' software products. Motion for TRO [Doc. # 63] at p. 2.

The evidence presented at the hearing on the Motion for TRO established:

(1)     The only known asset of the defendants is certain software.

(2)     Donald Miller is the managing officer of the Cheetah defendants. He has stated on several occasions that he will destroy the value of Cheetah's software rather than allow creditors to execute on it.

(3)     The posting of the software on line or otherwise publishing it would make the software publicly available and would essentially destroy its value, resulting in irreparable damage to Mediac by rendering it unable recover on the judgment.

There is no indication that the defendants were given notice of the Motion for TRO, and the defendants did not appear at the hearing. Rule 65(b)(1), Fed. R. Civ. P., provides:

> **(b) Temporary Restraining Order.**
> **(1) *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> **(A)** specific fact in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Mediac alleges that it believes Mr. Miller will follow through on his threats to destroy the value of the software if attempts are made to execute on the judgment. Although Mediac does not state it directly, I understand Mediac to contend that Mr. Miller is likely to destroy the value of the software if he is alerted to the pending Motion for TRO. Consequently, I find that Mediac has satisfied the requirements of Rule 56(b)(1).

A party seeking a TRO must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009)(internal citation omitted).

Mediac has shown that there is a reasonable probability that it will ultimately be entitled to the relief it seeks. See Kramer v. Vigil, 2013 WL 275571 *3 (D. Colo. Jan. 24, 2013). It is the assignee of a valid judgment of this court and is entitled to execute on the property of the defendants, including Cheetah's software.

The evidence establishes that Mediac will suffer irreparable harm in the absence of the requested TRO. Specifically, Mr. Miller has stated repeatedly that he will destroy the value of the software rather than allow it to executed on by creditors. There is no indication that these are idle threats or that Mr. Miller will not act on them. Making the software publicly available over the internet or otherwise will destroy its value and leave the defendants with no assets upon which Mediac can execute its judgment, resulting in irreparable harm to Mediac.

The balance of equities and the public interest both militate in favor of granting the TRO. Sound public policy dictates that judgment creditors should be allowed to execute on the

valuable assets of judgment debtors and that judgment debtors should not be allowed to waste their assets merely to frustrate the interests of a judgment creditor.

I find that Mediac should not be required to post any security in connection with the requested TRO. Mediac merely requests an injunction prohibiting the defendants from wasting an asset, and no security is necessary under these circumstances.

IT IS ORDERED that the Motion for Writ [Doc. # 62] is DENIED.

In addition, I respectfully RECOMMEND:[1]

(1) That the Motion for TRO [Doc. # 63] be GRANTED;

(2) That the court issue a temporary restraining order enjoining Cheetah International, Inc.; Cheetah Systems, Inc.; Donald Miller ; their officers, agents, servants, employees, and attorneys; and all others who are in active concert or participation with them from taking, destroying, hiding, or publishing on line or otherwise the defendants' software products; and

(3) No security be required.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 25, 2013.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge